**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01566-MSK-NYW

JORGE BASULTO,

    Plaintiff,

v.

EXACT STAFF, INC.,

and

ELECTRONIC RECYCLERS, INC.,

    Defendants.

---

**ORDER ESTABLISHING PROTOCOL
FOR ELECTRONIC DISCOVERY**

---

This matter is before the court on Plaintiff's Motion for Order to Establish Protocol for ESI Discovery [#45, filed on February 10, 2016]. This court issued a Minute Order, indicating that to the extent that Defendant Electronic Recyclers, Inc. had any objection to the proposed ESI Protocol [#45-6], such Response would be filed on or before February 18, 2016. [#47]. No Response was filed with the court. Accordingly, the Plaintiff's Motion for Order to Establish Protocol for ESI Discovery [#45] is GRANTED IN PART and DENIED IN PART, as follows.

Consistent with this District's Guidelines for Discovery of Electronically Stored Information (ESI), the Court enters the following Order regarding the preservation and production of ESI in this case. Accordingly, for good cause shown, IT IS HEREBY ORDERED as follows:

**I.    DEFINITIONS**

    **a.**    **ESI:** Electronically stored information, regardless of the media, including

scans of hard copy (*i.e.*, paper documents).

  **b.** **Potentially Discoverable ESI:** Plaintiff's and Defendants' electronic "documents" containing or potentially containing information relating to facts at issue in the Complaint, where the term "documents" is used as it is defined in Fed. R. Civ. P. 34(a).

  **c.** **Reasonably Accessible ESI:** ESI available without undue burden or cost, including active or dynamic media such as information stored on drives and servers accessible by desktops, laptops, tablets, and other computer interfaces, except as provided below.

  **d.** **Search Terms:** Search Terms are words or phrases that can be used to identify potentially relevant documents.

  **e.** **Searching Syntax:** Searching Syntax refers to logical combinations of Search Terms that can be used to narrow the search for potentially relevant documents.

## II. GENERAL SCOPE

  **a.** **Potentially Discoverable ESI.**

    i. Unless otherwise specifically stated and agreed to the contrary, pursuant to the Federal Rules of Civil Procedure, and the Court's Scheduling Order, and consistent with the District's Guidelines for Discovery of Electronically Stored Information (ESI), only Reasonably Accessible ESI will be reviewed and produced unless a party makes a specific request for other ESI.

    ii. Should a dispute arise among the parties in determining and agreeing upon whether a particular population of ESI or entire ESI data source is inaccessible or needs to be produced aside from what is agreed to in this Stipulated

Order, the parties will make a good faith effort to resolve such a dispute before any motion is filed with the Court, including meeting and conferring either in person or by telephone. Meeting and conferring through correspondence is insufficient to satisfy the Parties' obligations under D.C.COLO.LCivR 7.1.

     **b.**    **Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

     i.    Deleted, slack, fragmented, or other data only accessible by forensics.

     ii.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

     iii.    On-line access data such as temporary internet files, history, cache, cookies, and the like.

     iv.    Data in metadata fields that are frequently updated automatically, such as last-opened dates.

     v.    Back-up data that are substantially duplicative of data that are more accessible elsewhere.

     vi.    Server, system or network logs.

     vii.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

    viii. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), *provided* that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

  **c.** **<u>Guidelines.</u>**

    i. The parties shall collect, process and review Potentially Discoverable ESI and produce responsive ESI in accordance with the principles set forth in the Sedona Conference's 2008 Cooperation Proclamation, founded on principles of reasonableness and proportionality aimed at exhaustively but succinctly producing all responsive ESI to both parties. The parties shall conduct searches for the Search Terms and Search Syntax, scoped to key player custodians and date range filtering corresponding to the subject matter of this lawsuit. Such list is attached as **Exhibit A**.

    ii. To the extent any party identifies for its own production ESI documents that it believes renders use of Search Terms and Searching Syntax appropriate, the parties shall begin discussing and crafting potential additional Search Terms and Searching Syntax. The parties shall identify such additional Search Terms and Searching Syntax to be used by both parties as part of their collection and processing of ESI, including paper that will be scanned, as set forth in these protocols.

    iii. After reaching such agreement, if a party later decides other Search Terms and Searching Syntax should be crafted in order to identify additional Potentially Discoverable ESI and responsive ESI, the parties shall engage in a series

of meet and confer communications concerning that request before filing a motion with the Court. These conferences must take place in person or by telephone.

   iv.  Nothing in this Order, including any provisions related to the use or non-use of Search Terms or Search Syntax, shall excuse a party from searching for and producing documents from locations (including electronic files) it knows or reasonably believes to have responsive information.

   v.  This Order does not govern any production of back-up media. For purposes of this Agreement, "back-up media" shall be defined as tape-based back-up systems or disaster recovery back-up systems. However, the Parties shall preserve all back-up media during the term of this litigation, pursuant to applicable case law. If either Party later determines that the production of back-up media is relevant, the Requesting Party shall notify the Responding Party immediately and the parties will confer at that time to develop a reasonable approach to handle such requests. In addition, in the event that any Party identifies a particular source of responsive documents or electronically stored information for which application of this Protocol would be unduly burdensome or impractical (e.g., Data for which word searches would be impossible or otherwise impractical), the Party identifying the source will promptly notify the other Parties and the Parties will confer concerning appropriate modifications of this Protocol with respect to that source.

### III.     IDENTIFICATION OF RESPONSIVE ESI

a.     **Search Terms and Syntax.** The use of Search Terms and Searching Syntax does not excuse a party from its normal obligations under the Federal Rules of Civil Procedure to conduct its own diligent search for responsive documents and produce them.

b.     **Locations to be Searched.** The parties shall identify the locations where Potentially Discoverable ESI is stored, such as centralized repositories, custodial files (*i.e.*, files stored on the custodian's laptop, desktop, tablet or other individually controlled computer other than PDAs, smartphones, or cell phones), and the systems of third parties engaged to preserve electronic data.

c.     **Search Methodology.** To the extent additional Search Terms and Searching Syntax will be used to identify Potentially Discoverable ESI and responsive ESI for any location identified in **Exhibit A**, the parties shall specify the Search Terms and Searching Syntax to be used for each such location.

    **d. <u>Deduplication</u>**. A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians.

    **e. <u>Forensic Images of Hard Drives.</u>** The parties are not required by this Order to create forensic snapshot images of the custodians' laptop or desktop hard drives at this time. If a party later requests that a forensic image be created and searched in order to identify additional responsive ESI, the parties shall meet and confer concerning that request before filing a motion with the Court. The parties also recognize, however, that there may be inadvertent changes to the computer hardware whereby forensic information is inadvertently not preserved.

    **f. <u>Duty of Producing Party.</u>** If a producing party becomes aware of Potentially Discoverable ESI or responsive ESI that was not extracted using the Search Terms and Searching Syntax provided for in this Protocol, the party may be required to produce the ESI, consistent with its obligations under the Federal Rules of Civil Procedure.

    **g. <u>Additional Discovery Permitted.</u>** The above statements are those of the respective parties regarding their own ESI, and nothing herein shall be deemed to estop or bar the non-producing party from engaging in discovery (*e.g.,* interrogatories, depositions) to determine the types of ESI and paper documents maintained by the producing party and the investigations which have been performed to identify or produce responsive ESI. Likewise, the parties have not waived any rights to assert any applicable objections to such discovery, including but not limited to objections based on the scope of such discovery, the burden (of such discovery, the attorney-client

7

privilege or the work-product protection, nor does any party waive the right to subsequently argue that the scope or process should be revised.

      h.    **Reasonable Diligence.** The parties will use reasonable diligence to search for and retrieve Potentially Discoverable ESI, but the parties recognize that the processes and software to be utilized for compliance with this protocol are not perfect. If any issues arise regarding the methods used by either party, the parties will confer to resolve those issues that may arise relating to the manner in which the retrieval and searches are completed.

      i.    **Information Not Searchable.** There may be some ESI that are not recoverable due to technical reasons. For example, ESI that is corrupt need not be searched. Additionally, there may be email attachments that are not searchable due to technical reasons or the format in which they were created. If, however, an email is produced or logged, all attachments thereto must also be produced or logged regardless of whether one or more of such attachments are unsearchable.

## IV.    FORM OF DOCUMENTS: GENERAL PRINCIPLES

      a.    **ESI Document Production Format.**

          i.    ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily

converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

      **b.**    **Requests for Additional Information.** The Parties shall only seek native files and metadata in situations where it makes it easier for a party to search through a certain document. In the event a producing party believes the scope or number of such requests is unduly burdensome, and the parties cannot agree on an appropriate method to resolve such disputes, the Court shall resolve such disputes.

      **c.**    **Redaction of Information.** If documents are produced containing redacted information, the producing party shall supply a list of the documents for any such claim(s) of privilege, indicating the grounds for the redaction and the nature of the redacted material (*e.g.*, privilege, trade secret, privacy). Any redacted information should be identified as "Redacted" on the document. During the course of the litigation, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data.

**V.**    **INADVERTENT PRODUCTION OF PRIVILEGED COMMUNICATIONS**

      **a.**    **No Waiver of Privilege from Inadvertent Production.** Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Any issues of waiver will be resolved by applying the applicable law.

      **b.**      <u>**Post-Complaint Communications by Trial Counsel**</u>**.** Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

      **IT IS THEREFORE ORDERED** that the Plaintiff's Motion for Entry of Order Establishing Protocol for Electronic Discovery is granted.

      **IT IS SO ORDERED**.

      Dated this <u>2d</u> day of March, 2016.

      s/ Nina Y. Wang
      United States Magistrate Judge

**EXHIBIT A TO ORDER ESTABLISHING PROTOCOL FOR ELECTRONIC DISCOVERY**

***BASULTO V. EXACT STAFF AND ELECTRONIC RECYCLERS***
**Case No. 15-CV-1566-MSK-NYW**

**TIME FRAME:** April 9, 2013 – April 9, 2014

**CUSTODIANS:**
Toni Kemp
Lori Johnson
Liz McCutchen
Joe Haight
Dean Holter
Carol DeBellis
Anyone consulted on Plaintiff's removal from ERI and/or consideration of Plaintiff for placement at another Exact Staff client (excluding outside counsel).

**SEARCH TERMS:**
Basulto
Jorge* and discriminat*
Jorge* and retaliate*
Jorge* and complain*
Jorge* and gender*
Jorge* and sex*
Jorge* and discharge*
Jorge* and terminat*
Jorge* and place*
Jorge* and remov*
Jorge* and assign*
Jorge* and discipline*
Jorge* and investigat*
Jorge* and Amber*
Jorge* and Deciedue*
Jorge* and Lori*
Jorge* and Johnson*
Jorge* and Antanea*
Jorge* and Brown*

**SYSTEMS:**
Email
Word (i.e., Word or Wordperfect)
Excel
HR systems

**FORMAT:** TEXT SEARCHABLE FORMAT

11