## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01566-MSK-NYW

JORGE BASULTO,

      Plaintiff,

v.

EXACT STAFF, INC. and
ELECTRONIC RECYCLERS, INC.,

      Defendants.

_____

## ORDER
_____

Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff's Motion to Compel Discovery Against Defendant Electronic Recyclers, Inc. ("ERI") [#32, filed January 6, 2016]. The Motion was referred to the undersigned Magistrate Judge pursuant to the Order of Reference dated July 24, 2015 [#4] and memorandum dated January 6, 2016 [#33]. The time for ERI to file a response has expired, and ERI has not responded. After carefully considering the Motion, the entire case file, and the applicable case law, this court GRANTS the Motion to Compel.

## BACKGROUND

The factual background of this case has been discussed in this court's prior Recommendation, *see* [#31], and accordingly, will not be recounted here beyond what is relevant to the instant Motion. Plaintiff Jorge Basulto ("Plaintiff" or "Mr. Basulto") initiated this lawsuit by filing a Complaint on July 23, 2015 asserting a single claim for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). [#1]. The Complaint seeks declaratory relief and monetary damages in the form of back pay, front pay,

compensatory damages for emotional distress, humiliation, and inconvenience, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs. [*Id.* at 1 and ¶ 69]. Mr. Basulto alleges that he was hired by Defendant Exact Staff, Inc. ("Exact Staff") and was placed at ERI as a human resources representative. [#1 at ¶ 21]. He further contends that during his first week of employment with ERI, Joe Haight, the Commodities Management and Assistant Plant Manager at ERI as well as Dean Holter, the ERI Plant Manager, told him that ERI did not want female employees working at the plant. [*Id.* at ¶¶ 26, 27]. Plaintiff alleges that he was terminated by both ERI and Exact Staff after he complained to Toni Kemp, Exact Staff's National Human Resources Manager, of what he perceived to be discriminatory actions by ERI. [*Id.* at ¶¶ 57, 59, 60].

This court entered a Scheduling Order on September 15, 2015, which provided for a discovery deadline of March 15, 2016. [#19 at 6]. On September 22, 2015, the court entered a Protective Order to facilitate discovery. [#26]. In recommending that Exact Staff's Motion to Dismiss be denied, this court determined that Plaintiff had sufficiently alleged that both Defendants employed him and then terminated his employment following his protected activity of complaining about gender discrimination. [#31 at 12]. This court concluded that any challenge to the status of Exact Staff as Plaintiff's employer was better suited for determination after further factual development. [*Id.*]. Therefore, the distinction between actions taken by ERI versus actions taken by Exact Staff is not only relevant but perhaps legally dispositive in this case.

The Parties proceeded with discovery and encountered a number of disputes. The disputes have included identification of contact information for witnesses identified in the Parties' Rule 26(a)(1) disclosures, production of documents, the scheduling of depositions, and

whether depositions would go forward in person or by some other means.  This instant dispute

involves the purported lack of response from ERI regarding Interrogatory No. 8, which seeks, in

pertinent part:

> each and every employee of Defendant ERI from January 1, 2012 to December 31, 2014 and, for each such employee, state: (a) the individual's position; (b) the dates of employment of the individual and, to the extent the person changed positions, the dates the individual held each position; (c) the gender of the individual; and (d) the reason(s) for the individual's termination from employment, if employment terminated.

[#32-2 at 2].  ERI responded with the following objection:

> The request seeks information that is obtainable from some other source that is more convenient and in a better position to respond to Propounding Party's request. The request is vague and ambiguous, precluding an intelligent reply. The quantity of work required to respond renders the discovery request unduly burdensome. This request is overbroad, creating an undue burden on Responding Party. This request fails to state with sufficient particularity the items sought. The request is not reasonably calculated to lead to the discovery of admissible evidence. The request also calls for breach of the attorney-client privilege and attorney work product doctrine. This request invades Responding Party's as well as third party's privacy rights[.]

[*Id.*].  During an informal discovery dispute conference held on December 8, 2015, in

which counsel for ERI participated, the court further limited Interrogatory No. 8 to the

time period between April 2012 through April 2013, and only to employees who were

released during the working interview period.  [#30].  Despite this limitation, ERI has

apparently failed to respond to either the Interrogatory or this instant Motion to Compel.

## ANALYSIS

The recent amendment to Federal Rule of Civil Procedure 26(b)(1), effective December

1, 2015, reads "[u]nless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Pursuant to 28 U.S.C. § 2074(a) and the Order of the Supreme Court dated April 29, 2015, the amendment shall govern all civil cases commenced after December 1, 2015 and "insofar as just and practicable, all proceedings then pending."[1]   Although this case was initiated prior to December 1, 2015, this court applies the principles of proportionality as discussed above because they are the same principles that would have applied through the former Rule 26(b)(2)(C)(iii). *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("[m]ost of what now appears in Rule 26(b)(2)(C)(iii) was first adopted in 1983.").

In this case, Mr. Basulto alleges that he was terminated from Exact Staff and ERI for complaining about gender discrimination in hiring and placement at ERI.   Specifically, he alleges that while at ERI, he complained to Toni Kemp, the National Human Resources Manager at Exact Staff, that:

> Today it was brought to my attention by our safety officer Lori, that while we had a female candidate doing her working interview, [a] few of the male employees were making comments, and one of them told Lori that he did not want to work with a female employee.

> In the short time I have been in the office, I have noticed there has been a lot of resistance in diversifying our work force. I believe our facility is not giving an equal opportunity to females as they are to male applicants. Our facility is willing to take male applicants with felonies and others who are currently on parole/probation but they are not willing to give a chance to a female candidate with a much better background the same opportunity.

> I understand this has been the case for a very long time. But these are not the hiring practices that I follow. I really think this issue should be addressed with all those concerned.

> Today for example we had 2 male working interviews and 1 female working interview. The 2 males were given the approval by [D]ean, however, the female who in my opinion appeared to be working as hard as any other orderly, was

---

[1] *See* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

rejected, supposedly for not working fast enough. If that is the case than the current male orderly needs to be removed because as per what I have seen he violates safety rules and does not clean as fast either.

This is an important matter which needs to be addressed, because if this is the way the facility wishes to hire employees, then I'd rather not have any part in it.

[#1 at ¶ 49].  As framed and as articulated by Plaintiff's counsel during the informal discovery conference, Mr. Basulto believed that women were disproportionately not hired, or were disproportionately terminated during an initial period known as the "working interview."  Mr. Basulto alleges that he was terminated as a result of his complaints, and that he was told that he was terminated because ERI requested that Exact Staff remove Mr. Basulto from ERI [#1 at ¶¶ 56-60], at least in part because he refused to cooperate in ERI's investigation and because his concerns about gender discrimination were false.  [#42 at 3].

ERI has failed to provide any substantive response, or any justification for the lack of substantive response, and ERI's objection to Interrogatory No. 8 is inappropriate.  The grounds for objecting must be articulated with particularity, Fed. R. Civ. P. 33(b)(3).  Boilerplate objections are unacceptable; a responding party has the obligation to explain and support its objections, *see Witt v. GC Servs. Ltd. Partnership*, 307 F.R.D. 554, 561 (D. Colo. 2014), and respond to what is not objectionable.  Fed. R. Civ. P. 33(b)(3).  This court finds that ERI has failed to appropriately respond to Interrogatory No. 8, and has not moved for a protective order on the issue.  ERI shall provide a verified response to Interrogatory No. 8 no later than **March 15, 2016**.

In addition, pursuant to Rule 37(a)(5)(A), the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Therefore, this court orders Defendant ERI to

show cause as to why it should not be required to pay Mr. Basulto's reasonable expenses incurred in making the motion, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A).

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that:

(1)     Plaintiff's Motion to Compel Discovery Against Defendant Electronic Recyclers, Inc. [#32] is **GRANTED**;

(2)     Defendant Electronic Recyclers, Inc. is **COMPELLED** to provide a verified response to Interrogatory No. 8, as limited by the court's ruling during the informal discovery conference [#30] no later than **March 15, 2016**;

(3)     Defendant Electronic Recyclers, Inc. is **ORDERED TO SHOW CAUSE** no later than **March 15, 2016**, why this court should not award reasonable expenses associated with making this motion to Plaintiff Jorge Basulto; and

(4)     To satisfy any future meet and confer obligations, the Parties in this action must conduct a conversation, either in person or by telephone.  Failure to do so may result in the striking of any future motions without substantive consideration.

DATED:  March 8, 2016                    BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge