## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01566-MSK-NYW

JORGE BASULTO,

      Plaintiff,

v.

EXACT STAFF, INC., and
ELECTRONIC RECYCLERS, INC.,

      Defendants.

_____

## ORDER
_____

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Plaintiff's Motion to Compel Discovery Against Defendant Exact Staff, Inc. ("Motion to Compel") [#42, filed February 1, 2016].  The Motion to Compel was referred to the undersigned Magistrate Judge pursuant to the Order of Reference dated July 24, 2015 [#4] and memorandum dated February 2, 2016 [#43].  Exact Staff responded to the Motion to Compel on February 8, 2016 [#44], and Plaintiff Jorge Basulto ("Plaintiff" or "Mr. Basulto") filed a Reply on February 25, 2016 [#49].  In addition, Exact Staff filed a "Supplemental Response and Objection to Plaintiff's Motion to Compel Discovery Against Defendnat [sic] Exact Staff, Inc." that same day, without seeking leave of court.[1] [#51].  The court also held oral argument on this issue on March 4, 2016.

---

[1] While styled as a "Supplemental Response and Objection," [#51], Exact Staff's filing is essentially a sur-reply.  Sur-replies are not provided for under the Federal Rules of Civil Procedure or the District of Colorado's Local Rules of Civil Practice.  Nevertheless, this court will not strike the Sur-Reply, given the fact that Plaintiff does not object to it, and it further informs this court of what discovery is outstanding and subject to this Order.

After carefully considering the Motion to Compel and the related briefing, the entire case file, and the applicable case law, the court GRANTS IN PART and DENIES IN PART the Motion to Compel.

## BACKGROUND

The factual background of this case has been discussed in this court's prior Recommendation, *see* [#31], and the court's order compelling co-defendant Electronic Recyclers, Inc. ("ERI") to respond to discovery. [#65]. Accordingly, it will not be recounted here, other than to discuss what discovery appears to remain after the court's hearing on this matter. Originally, Mr. Basulto sought to compel Exact Staff to respond to Interrogatory No. 1, which provides:

> Identify, in the manner set forth in Paragraph (f), all employees of Exact Staff assigned to work in production or plant positions (e.g., dismantling, sorting, general labor, tube pullers, orderlies) at Defendant Electronic Recyclers plant in Denver, Colorado, from April 9, 2012 through April 8, 2013, and for each such individual, identify the position into which they were placed, the dates they worked at ERI's Denver location, the reason for their separation, and their gender.

[#42-2 at 2]. Exact Staff responded with the following objection:

> Defendant incorporates its General Objections as if fully stated herein and objects to this request on the basis that it is vague, ambiguous, and overly broad, and as such is oppressive, unduly burdensome, unintelligible, and incapable of eliciting a response. Defendant also objects to this request on the grounds that it calls for the disclosure of information that is neither relevant to the claims or defenses at issue in this lawsuit for retaliation, nor likely to lead to the discovery of admissible evidence, as the evidence sought is prior to the time period when Plaintiff was employed by Exact Staff or assigned to ERI and has nothing to do with the position held by the Plaintiff. Defendant further objects to this request because it requests names and/or contact information of Exact Staff or ERI current and/or former employees, thus seeking to unreasonably invade the privacy rights of third parties to an extent that is not justified by Plaintiff's legitimate discovery needs. Finally, Defendant objects to the request on the grounds that it seeks information that is outside of its control and/or possession.

[*Id.* at 2-3].   During an informal discovery dispute conference held on December 8, 2015, Exact Staff represented to the court that information responsive to this Interrogatory had already been produced.   [#30].   This response was repeated in Exact Staff's Response and Objection to Plaintiff's Motion to Compel Discovery Against Defendant Exact Staff, Inc. [#44 at 2].   Plaintiff contends that the hiring data that Exact Staff provided does <u>not</u> reflect Exact Staff employees placed at ERI, but rather simply reflects individuals who worked at ERI, who were never employed or placed by Exact Staff, and may not be hourly employees.   [#49 at 3-4].   In its Sur-Reply, Exact Staff conceded that the information it had provided, was in fact, inaccurate, and then produced a subsequent list of Exact Staff employees who were assigned to ERI between April 2012 through April 2013.   [#51 at 1-2, #53].   At the hearing, Plaintiff and Exact Staff agreed that Exact Staff had, in fact, produced the information requested by Interrogatory No. 1, except each individual's gender and contact information.

## ANALYSIS

### I.   Discovery Supplementation

The recent amendment to Federal Rule of Civil Procedure 26(b)(1), effective December 1, 2015, reads "[u]nless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Pursuant to 28 U.S.C. § 2074(a) and the Order of the Supreme Court dated April 29, 2015, the amendment governs all civil cases commenced after December 1, 2015 and "insofar as just and

practicable, all proceedings then pending."[2]   Although this case was initiated prior to December

1, 2015, this court applies the principles of proportionality as discussed above because they are

the same principles that would have applied through the former Rule 26(b)(2)(C)(iii).  *See* Fed.

R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("[m]ost of what now appears

in Rule 26(b)(2)(C)(iii) was first adopted in 1983.").

In this case, Mr. Basulto alleges that he was terminated from Exact Staff and ERI for

complaining about gender discrimination in hiring and placement at ERI.   Specifically, he

alleges that while at ERI, he complained to Toni Kemp, the National Human Resources Manager

at Exact Staff, that:

> Today it was brought to my attention by our safety officer Lori, that while we had a female candidate doing her working interview, [a] few of the male employees were making comments, and one of them told Lori that he did not want to work with a female employee.
>
> In the short time I have been in the office, I have noticed there has been a lot of resistance in diversifying our work force. I believe our facility is not giving an equal opportunity to females as they are to male applicants. Our facility is willing to take male applicants with felonies and others who are currently on parole/probation but they are not willing to give a chance to a female candidate with a much better background the same opportunity.
>
> I understand this has been the case for a very long time. But these are not the hiring practices that I follow. I really think this issue should be addressed with all those concerned.
>
> Today for example we had 2 male working interviews and 1 female working interview. The 2 males were given the approval by [D]ean, however, the female who in my opinion appeared to be working as hard as any other orderly, was rejected, supposedly for not working fast enough. If that is the case than the current male orderly needs to be removed because as per what I have seen he violates safety rules and does not clean as fast either.
>
> This is an important matter which needs to be addressed, because if this is the way the facility wishes to hire employees, then I'd rather not have any part in it.

---

[2] *See* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

[#1 at ¶ 49]. As framed and as articulated by Plaintiff's counsel during the informal discovery conference, Mr. Basulto believed that women were disproportionately not hired.

During the hearing on March 4, 2016, counsel for Exact Staff indicated that Exact Staff did not maintain any information regarding the gender of the individuals identified as being employed on an hourly basis between April 2012 and April 2013. The court inquired whether that information was maintained in a different location, such as in human resources files, and counsel for Exact Staff represented unequivocally that no such gender data was maintained. To the extent that is true, Exact Staff should supplement its verified response to Interrogatory No. 1 to so state. Similarly, Mr. Basulto has asked for contact information for the individuals identified in [#53]. Presumably, Plaintiff seeks such contact information for the purposes of contacting any of those potential witnesses who are not represented to determine whether they have testimony that is favorable to Mr. Basulto. The court finds such information relevant and proportional to the issues at hand. Accordingly, this court will compel the supplementation of Interrogatory No. 1 by Exact Staff no later than **March 25, 2016**. The supplementation shall include a verified statement by Exact Staff that it does not maintain data regarding the gender of individuals employed between April 2012 and April 2013 in any manner (if, in fact, this is the case) and the contact information of each individual identified in [#53].

## II.     Sanctions

The main thrust of Plaintiff's Motion to Compel after the hearing and supplementation by Exact Staff appears to be Mr. Basulto's request for attorney's fees and costs associated with the filing the Motion to Compel. Pursuant to Rule 37(a)(5)(A), the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff contends that Exact Staff's conduct in conjunction with the Motion to Compel and the underlying discovery requests reflects a pattern by Exact Staff of failing and refusing to cooperate in the discovery process. [#42 at 8]. In Plaintiff's Reply brief, Plaintiff more strongly contends that Exact Staff's prior representation to the court that "the information has already been produced" was "indisputably false," and "[e]ven the most cursory review of the Hiring Data confirms that it is not what it is represented to be and that it is not responsive to Plaintiff's Interrogatory No. 1." [#49 at 4-5]. Mr. Basulto then urges the court to "impose appropriate sanction [sic] commensurate with Defendant Exact Staff's misconduct, including but not limited to, a jury instruction that Defendant Exact Staff provided false information, the striking of Exact Staff's defenses, and an award of attorney's fees and costs." [*Id.* at 6].

Plaintiff does not identify the authority under which he is seeking sanctions, and accordingly, this court assumes that he is seeking sanctions pursuant to Fed. R. Civ. P. 37(a)(5). "Rule 37(a)(5) generally governs the payment of expenses for a Motion to Compel Discovery, and provides that the court require payment by a party whose failure to provide discovery necessitated the motion, unless: (1) the movant filed the motion before making a good faith attempt to resolve it via conferral with opposing counsel; (2) the opposing party's position was substantially justified; or (3) 'other circumstances make an award of expenses unjust.'" *Crew Tile Distrib., Inc. v. Porcelanosa Los Angeles, Inc.*, No. 13-cv-3206-WJM-KMT, 2015 WL 5608122, at *1 (D. Colo. Sept. 24, 2015).

As an initial matter, this court notes that the original objections offered by Exact Staff are same type of boilerplate objections that its co-defendant, ERI, offered that this court has already deemed unacceptable. Grounds for objecting to interrogatories must be articulated with

particularity.  Fed. R. Civ. P. 33(b)(3).  A responding party has the obligation to explain and support its objections,[3] *see Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 561 (D. Colo. 2014), and respond to what is not objectionable.  Fed. R. Civ. P. 33(b)(3).  Despite its objections, Exact Staff insisted that it provided Plaintiff discovery with respect to the employees it placed at ERI no later than December 2015 through documents produced at Bates labels Exact Staff, Inc. – 00306-308.  [#44 at 2].  But that was, in fact, not accurate.  During at least the deposition of Toni Kemp, the National Human Resources Director for Exact Staff, it became clear that the spreadsheet identified in the supplemental discovery responses [#49-1 at 3], that had apparently been provided during the EEOC investigation, was not a list of employees who were placed by Exact Staff at ERI during the April 2012 to April 2013 timeframe.  [#51 at 1].

At the hearing, counsel for Mr. Basulto urged this court to sanction Exact Staff for what he described as a pattern of discovery misconduct.  Counsel for Exact Staff insisted that even if its interrogatory response was not accurate, the information that Mr. Basulto requested was produced in documentary form no later than December 2015.  Generally, production of documents does not suffice to satisfy a party's obligation to respond to interrogatories, unless a party complies with Rule 33(d) of the Federal Rules of Civil Procedure.  Under Rule 33(d), a party may rely upon documents instead of a narrative to respond to interrogatories, but the response must identify the specific responsive documents.  *See Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D 516, 518-19 (D. Colo. 2009).

---

[3] In some instances, the objections lack merit.  For instance, Exact Staff objects to Interrogatory No. 1 as "unintelligible, and incapable of eliciting a response."  [#42-2 at 2-3].  This interrogatory is readily comprehensible to the court, and indeed, Exact Staff later summarized it in its Response to the Motion to Compel [#44 at 1] and provided a response "subject to, and without waiving" its objections.  [#49-1 at 3].

Any discovery sanction should be limited to what is proportionate to the offense; "the court also remains mindful of the admonition that its inherent power to sanction must be exercised with restraint and discretion." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 636 (D. Colo. 2007). Rule 37(a)(5) does not contemplate any sanction other than the payment of reasonable fees and costs associated with making the motion. Based on the record before it, this court concludes that: (1) Exact Staff's incorrect position resulted from a failure on the part of Exact Staff to properly apprehend the information contained in previously produced documents, and (2) the resolution of the dispute was further delayed by an unrelated trial involving Exact Staff's counsel. [#44 at 2]. And while Exact Staff continued to insist—inaccurately—that it had already appropriately responded to Interrogatory No. 1 even after the Motion to Compel was filed, the record is insufficient to demonstrate that Exact Staff acted intentionally to mislead the court or in bad faith. Therefore, this court finds that there are insufficient grounds to warrant the jury instruction or striking Exact Staff's defense, as requested by Plaintiff. *Smith v. Argent Mortgage Co., LLC.*, No. 05-cv-02364-REB-BNB, 2007 WL 2801452, at *2 (D. Colo. Sept. 21, 2007). In addition, while the court in no way condones Exact Staff's inadvertence or carelessness, this court declines to award monetary sanctions at this time. **Nevertheless, the court specifically advises Exact Staff that any future failure to appropriately engage in discovery, including the exercise an appropriate level of attention to the accuracy of its discovery responses, may lead to sanctions, and to the extent that a pattern of misconduct emerges, Plaintiff may seek to recover the reasonable expenses associated with the this Motion to Compel at a later time.**

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)     Plaintiff's Motion to Compel Discovery Against Defendant Exact Staff, Inc..
[#42] is **GRANTED IN PART** and **DENIED IN PART**;

(2)     Defendant Exact Staff is **COMPELLED** to provide a verified, supplemental
response to Interrogatory No. 1 no later than **March 25, 2016**;

(3)     Plaintiff's request for sanctions is **DENIED** with leave to re-file, should the
circumstances so warrant; and

(4)     To satisfy any future meet and confer obligations, the Parties in this action must
conduct a conversation, either in person or by telephone.   Failure to do so may result in the
striking of any future motions without substantive consideration.


DATED:  March 18, 2016                              BY THE COURT:


                                                    s/ Nina Y. Wang
                                                    Nina Y. Wang
                                                    United States Magistrate Judge